IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BAKERY, CONFECTIONARY, | : | |
| TOBACCO WORKERS AND | : | CIVIL ACTION |
| GRAIN MILLERS, LOCAL UNION 387, | : | |
| | : | |
| Plaintiff, | : | No. 08-5828 |
| | : | |
| v. | : | |
| | : | |
| BULOVA TECHNOLOGIES, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

AND NOW, this 26th day of February, 2009, upon consideration of Plaintiff's Motion for Reconsideration (Doc. No. 11), Defendants' Opposition thereto (Doc. No. 13), and Plaintiff's Reply (Doc. No. 18), it is hereby ORDERED that Plaintiff's Motion for Reconsideration is DENIED.

**I.      Background**

On December 16, 2008, Plaintiff Bakery, Confectionary, Tobacco Workers and Grain Millers, Local Union 387 filed a Complaint against Bulova Technologies, LLC ("Bulova") and Stephen L. Gurba pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  The Complaint claimed breach of contract for an alleged violation of the Collective Bargaining Agreement ("Agreement") between Plaintiff and Defendants.  Also on December 16, 2008, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction.  On December 18, 2008, this Court held argument on Plaintiff's Motion.  During argument, Defendants presented evidence that the Bulova no longer existed.  On December 19,

2008, this Court denied Plaintiff's Motion for Issuance of a Temporary Restraining Order and Preliminary Injunction (Doc. No. 3) and Plaintiff's Oral Motion to Freeze the Personal Assets of Defendant Stephen L. Gurba (<u>See</u> R. Dec. 18, 2008).  The Court found that Defendant Bulova permanently and completely dissolved and ceased to exist on December 16, 2008, thus rendering moot the injunctive relief Plaintiffs had requested in their motion.  The Court also found that the record as of that date contained no evidence that Defendant Gurba, in his personal capacity, was liable for the alleged breach of contract that was the sole count of Plaintiff's Complaint.

On December 29, 2008, Plaintiff filed a First Amended Complaint (Doc. No. 12) against Bulova, Gurba, and four additional defendants: William Shrum, Daniel Atkinson, Donavon Graybill, and Craig Schnee.  Plaintiff's First Amended Complaint contains three counts: 1) Breach of Contract and Request for Injunctive Relief in Support of Arbitration (Plaintiff v. Bulova and Gurba); 2) Pennsylvania Wage Payment and Collection Law (Plaintiff v. All Defendants); and 3) Action to Compel Matter to Arbitration (Plaintiff v. Bulova and Gurba).  Also on December 29, 2008, Plaintiff filed the instant Motion for Reconsideration of this Court's December 19, 2008, Order.  Plaintiff again seeks to compel Defendants to arbitrate Plaintiff's grievances, and Plaintiff seeks a variety of injunctive relief.  In support of its motion, Plaintiff asserts that the evidence Bulova presented at the December 18, 2008, hearing and in its supplemental pleading on December 19, 2008, does not indicate that Bulova had dissolved, and that no dissolution filings regarding Bolova were made with the Commonwealth of Pennsylvania.  Plaintiff also asserts that its Amended Complaint, which includes a Pennsylvania Wage Payment and Collection Law claim, necessitates personal liability of the individual defendants named in the Amended Complaint.

## II. Standard of Review

"The purpose for a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café, 176 F.3d at 677 (citations omitted).

The preliminary injunction standard in this circuit is as follows:

> A district court may grant the extraordinary remedy of a preliminary injunction only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest. The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate.

P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC, 428 F.3d 504, 508 (3d Cir. 2005).

## III. Discussion

A.  Breach of Contract Claim

When this Court issued its December 19, 2009, Order, Plaintiff's Complaint contained one claim: breach of contract. Plaintiff presents no argument or authority that the law governing this Court's Order has changed. Furthermore, Plaintiff has presented no additional facts. The

"newly-discovered facts" to which Plaintiff refers, (see Pl.'s Mem. in Supp. of Mot. for Reconsideration 8-9), are exhibits that were before the Court when it denied Plaintiff's motion. Plaintiff also argues that the Court misinterpreted the documents certain defendants presented to the Court during and after the December 18, 2008, hearing. The Court disagrees.

Plaintiff Motion for Reconsideration contains two new arguments: that Defendant has not filed a notice of dissolution with the Commonwealth of Pennsylvania and that Defendant Gurba's signature on the documents transferring Bulova's assets does not match his signature on the Collective Bargaining Agreement. (See Pl.'s Mem. in Supp. of Mot. for Reconsideration 3, 6-7. Compare Compl., Ex. A, Collective Bargaining Agreement at 30, with Defs.' Resp. in Opp'n to Pl.'s Mot. for T.R.O., Ex. A at 15.) Plaintiff provides no affidavit in support of these arguments.

This Court denied Plaintiff's motion for preliminary injunction and motion to compel arbitration because Plaintiff had not met its burden of establishing that such relief would be appropriate and would not be moot. That finding is hereby reaffirmed.

B.  Wage Payment and Collection Law Claim

Plaintiff has asserted an additional claim against all defendants for an alleged violation of the Pennsylvania Wage Payment and Collection Law. Plaintiff has not established that it is likely to succeed on the merits of its state law claim. Therefore, the Court declines to reconsider its December 19, 2008, Order.

BY THE COURT:

S/ C. Darnell Jones II
                            J.